UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JANESSA J. JORDAN-ROWELL,

          Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY

          Defendant.
------------------------------------------------------------X

15-cv-8326 (NSR) (JCM)

ORDER ADOPTING REPORT
AND RECOMMENDATION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/20/2016

NELSON S. ROMÁN, United States District Judge

    Plaintiff, Janessa J. Jordan-Rowell, ("Plaintiff" or "Jordan-Rowell"), proceeding pro se, commenced this action pursuant to 42 U.S.C. § 405(g) to challenge the decision of the Commissioner of Social Security ("Commissioner" or "Defendant"), which denied her application seeking disability benefits. In lieu of an answer, the Commissioner moves to dismiss, pursuant to FRCP §12(b)(1), for lack of subject matter jurisdiction. Defendant asserts Plaintiff failed to exhaust her administrative remedies. This case was referred to the Honorable Judge Judith C. McCarthy, Magistrate Judge ("Judge McCarthy"). On November 7, 2016, Judge McCarthy issued a Report and Recommendation (the "R&R") pursuant to 28 U.S.C. § 636(b) and F. R.C.P. § 72(b) recommending that the Commissioner's motion be granted. For the following reasons, this Court adopts Judge McCarthy's R&R and dismisses the complaint for lack of subject matter jurisdiction.

### BACKGROUND[1]

    Plaintiff applied to the Social Security Administration ("SSA") for disability benefits alleging she was disabled after acquiring HSV2.[2] In March 2014, the SSA denied Plaintiff's application on the basis her alleged condition did qualify her for benefits. By letter dated, March 17, 2014, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") to challenge the agency's determination. In May 2105,

---

[1] Facts are taken from the R&R, unless otherwise noted.

[2] Herpes simplex virus type -2.

Plaintiff appeared and testified before ALJ Marissa Ann Pizzuto ("ALJ Pizzuto"). On October 9, 2015, ALJ Pizzuto issued a decision which concluded Plaintiff was not disabled as defined by Social Security Act Sections 216(I) and 223(d). By letter dated October 17, 2015, Plaintiff sought to appeal ALJ Pizzuto's decision denying her benefits. Pending before the SSA Appeals Council is a review of the ALJ's determination denying Plaintiff disability benefits.

Plaintiff commenced the instant action on or about October 21, 2015. By order of reference dated December 17, 2015, this Court referred the instant matter to Judge McCarthy for an R&R. Now before this Court is Judge McCarthy's R&R recommending dismissal of Plaintiff's complaint.

## STANDARD OF REVIEW

A magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if so designated by a district court. Fed. R. Civ. P. 72(b)(1). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." *Id.*; accord 28 U.S.C. § 636(b)(1). When reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court may also "adopt those portions of the [Report] to which no objections have been made and which are not facially erroneous." *West v. Sheahan,* No. 12-CIV-08270, 2016 WL 67789 at *1 (S.D.N.Y. Jan. 4, 2016) (quoting *Wilds v. United Parcel Serv. Inc.,* 262 F. Supp. 2d 163, 170 (S.D.N.Y. 2003)). When a specific objection is made, the district court must review the contested sections *de novo. Pizarro v. Bartlett,* 776 F. Supp. 815, 817 (S.D.N.Y. 1991). In a *de novo* review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich,* No. 04 Civ. 5061 (R.H.), 2007 WL 187677, at *1 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks and citations omitted). Objections must be "specific and clearly aimed at particular findings" in the R&R. *Mollify v. KAM Royal Dutch Airlines,* 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). A district court, however, may accept the findings and conclusions in an R&R, to which no timely objection has been made,

provided the court determines there is no clear error on the face of the record. *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (emphasis added) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); accord *Feehan v. Feehan*, No. 09 Civ. 7016 (DAB), 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011); see also Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## EXHAUSTION REQUIREMENT

A plaintiff asserting subject matter jurisdiction bears the burden of demonstrating by a preponderance of evidence that it exist. *Makarova v. United States*, 201 F.3d 110 113. (2d Cir. 2000). Pursuant to 42 U.S.C. § 405(g), an individual must obtain a final decision from the SSA Commissioner before a federal court can obtain jurisdiction and review a benefits determination. *Iwachiw v. Massanari*, 125 F. App'x 330, 331 (2d Cir. 2005) (citations omitted). An SSA determination is deemed final, and the claim exhausted, only after the Appeals Council has denied review of an ALJ's determination or decided the merits of plaintiff claims following an ALJ's decision. *Figueroa v. Comm'r of Soc. Sec.*, No. 12 Civ 7129 (SN), 2013 WL 3481317, at *2 (S.D.N.Y. July 11, 2013). Absent final review, a district court lacks subject matter jurisdiction to hear the action. *Iwachiw v. Massanari*, 125 F. App'x 331-32. A failure to seek review from the Appeals Council, is a failure to exhaust resulting in a lack of a final decision. See *Sims v. Apfel*, 530 U.S. 103 (2000).

## DISCUSSION

Here, as neither party objected to Judge McCarthy's R&R, the Court reviews the recommendation(s) for clear error. The Court finds no error on the face of the R&R. The Court agrees with Judge McCarthy's analysis and conclusion concerning the lack of subject matter jurisdiction. Plaintiff does not contest that she sought review of the ALJ's determination and that the Appeals Council has yet to issue a decision. Until such time as Plaintiff exhaust her administrative remedies, the Court lacks jurisdiction.

## CONCLUSION

For the reasons stated above, this Court adopts Judge McCarthy's R&R in its entirety. The instant action is dismissed. The Clerk of the Court is respectfully requested to terminate the motion (doc. 15). The Clerk of Court is directed to close this case.

Dated: December 20, 2016
      White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge